335 So.2d 898 (1976)
Burnell HAMLIN
v.
Paul BARRETT, Sheriff.
No. 49059.
Supreme Court of Mississippi.
August 3, 1976.
Brown, Alexander & Sanders, Jackson, for appellant.
A.F. Summer, Atty. Gen., by J.B. Garretty, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROBERTSON and BROOM, JJ.
BROOM, Justice, for the Court:
By petition for writ of habeas corpus, Hamlin (appellant) is testing the validity of a judgment (upon his guilty plea) of the Circuit Court of Warren County ordering *899 him to serve three years in the penitentiary for forgery. The sentence was suspended and Hamlin placed on probation, but later the suspension and probation were revoked at the instance of the prosecution and Hamlin was ordered imprisoned for three years. In his petition, Hamlin charged that his conviction was void for having been induced by the prosecutor's promise of probation which promise could not be legally fulfilled or performed because Hamlin had a prior felony conviction in the State of New York.
In this state's jurisprudence, an order of revocation of a suspended sentence or probation is not appealable. However, in proper cases habeas corpus may apply to determine whether the court (1) had jurisdiction to issue the order, (2) rendered a valid judgment, and (3) accorded due process to the appellant by appropriate notice and public hearing. Pipkin v. State, 292 So.2d 181 (Miss. 1974); Ray v. State, 229 So.2d 579 (Miss. 1970).
The issue is: Was the Warren County Circuit Court's original judgment sentencing Hamlin to the penitentiary (which also placed him on probation) a valid order?[1] At the habeas corpus hearing, there was contradictory evidence upon the issue of whether or not the prosecutor became aware of Hamlin's prior New York felony conviction (armed robbery) before recommending that the court accord Hamlin probation. The prosecutor denied having knowledge of the prior conviction until after the court accepted Hamlin's plea of guilty and placed him on probation. Other evidence disputed the prosecutor's testimony to some extent. Although Probation Officer Gober testified that he told District Attorney Ellis he had given Hamlin "his discharge from the state of New York," he did not testify that he told the district attorney that Hamlin had a prior felony conviction for armed robbery.
At the habeas corpus hearing, there was placed in evidence a transcript of the circuit judge's examination of Hamlin on July 10, 1974, when Hamlin was convicted upon the plea of guilty, sentenced to the penitentiary and placed on probation. Two facts are demonstrated by the transcript: (1) The plea was voluntary; and (2) Hamlin pleaded guilty not because he was "enticed or forced," but because he was guilty and wanted to enter the plea. The circuit judge was careful to protect Hamlin's rights by making the appropriate inquiries so as to determine that Hamlin was being accorded due process. Before accepting Hamlin's guilty plea, the judge asked him if the offense then before the court was his first offense, to which Hamlin replied that his only prior offense was a "traffic ticket."
We have carefully examined the record before us so as to determine whether the circuit court had jurisdiction and whether the order of the circuit judge finding Hamlin guilty upon his guilty plea and placing him on probation and parole was a valid judgment. We hold that the court had jurisdiction even though the grant of probation was technically inappropriate. In effect the circuit judge in the habeas corpus hearing, based upon substantial evidence, found (though no such specific finding was spelled out) that the prosecutor was not aware of Hamlin's prior conviction until after the plea of guilty was made and the probationary sentence meted out.
Hamlin's dealings with the prosecutor appear from the evidence to have been at arm's length. If the record shows any "fraudulent and hollow promise" (as charged in his petition), it was on the part of Hamlin who deliberately declined to reveal his prior conviction when queried by the sentencing judge. From the record, it cannot be said that the prosecutor acted in bad faith, or that he failed to carry out his part of the plea bargaining process. When Hamlin pleaded guilty, he did so accompanied by counsel, and with knowledge of his prior New York felony conviction (robbery) which he chose to conceal from the sentencing court. He could not logically have confused *900 such a conviction with what he told the judge was a "traffic ticket." Upon this record, we are unwilling to hold that his failure (before being sentenced) to disclose his past record somehow vitiates the judgment of the trial court even though one portion of the judgment improperly allowed probation. After learning that Hamlin had the prior felony conviction making him ineligible for probation, the court had the power to rectify the error. Accordingly, the court found (because of Hamlin's withholding information pertaining to the prior conviction) the probationary sentence was improper and "ought to be corrected and the appropriate sentence imposed." There is no merit in the contention that the judgment rendered was not a valid judgment.
This case makes it clear and we stress that before granting probation to defendants convicted of crimes trial judges, prosecutors, and defense counsel must exercise care to see that probation is proper under § 47-7-33, supra. Here, though after developed facts (prior felony conviction) show that probation was improperly and mistakenly afforded Hamlin, nevertheless the court had jurisdiction over him and all aspects of the case when each order was entered. Upon the facts revealed by this most unusual and peculiar case, Hamlin himself misled the trial court about his prior felony conviction and thereby gained freedom while on probation. The fact that he succeeded in making himself beneficiary to his wrongful withholding of the facts does not entitle him to a reversal or another opportunity to plead to the indictment.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.
NOTES
[1] Mississippi Code Annotated § 47-7-33 (1972) allows trial judges to place a defendant on probation in certain instances where he has not been previously convicted of a felony.