453 So.2d 1298 (1984)
Napoleon "Nap" L. CASSIBRY
v.
STATE of Mississippi.
No. 54359.
Supreme Court of Mississippi.
August 15, 1984.
*1299 Harold J. DeMetz, Gulfport, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court.
Napoleon L. (Nap) Cassibry has been finally convicted of the misdemeanor of conflict of interest in violation of Miss. Code Ann. § 97-11-19 (Supp. 1980). The sentence imposed by the trial court was a fine of $739,000.00, all but $45,000.00 of which has been lawfully suspended. On appeal this Court affirmed. Cassibry v. State, 404 So.2d 1360 (Miss. 1981).
Cassibry has not paid his fine and now appears hopelessly indigent and in poor health besides. The trial judge, however, after patient efforts to allow Cassibry time to make some arrangements to pay the fine, was of the opinion that he had no alternative but to order that Cassibry be taken into custody and acted accordingly. The trial judge misunderstood his jurisdiction and his alternatives.
To begin with, it is established beyond per adventure that an indigent may not be incarcerated because he is financially unable to comply with an otherwise lawfully imposed sentence of a fine. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Nelson v. Tullos, 323 So.2d 539, 543-45 (Miss. 1975). So long as Cassibry is "financially unable to pay a fine" and the trial court so finds, he may not be imprisoned, period. Miss. Code Ann. § 99-19-20(2) (Supp. 1983).[1]
On the other hand, Harrigill v. State, 403 So.2d 867 (Miss. 1981) and Denton v. Maples, 394 So.2d 895 (Miss. 1981) suggest that the Circuit Court is without authority to alter Cassibry's sentence that he pay a fine of $45,000.00, and we so hold.
Though it be without authority to alter Cassibry's sentence and without authority to order him incarcerated for failure to comply with the sentencing order (so long as indigency is the reason for such noncompliance), the Circuit Court is not helpless.
In the first place, this Court's jurisdiction terminated with the issuance of the mandate following the denial of Cassibry's petition for rehearing back on November 4, 1981. Upon receipt of that mandate, the Circuit Court acquired jurisdiction of the case with full authority to exercise all powers otherwise vested in it by law.
Section 99-19-20(1)(d) authorizes the trial judge to require that Cassibry perform public service. Considering the present state of things, the trial judge may well want to employ this alternative and allow Cassibry to begin to "work off" his fine. Section 99-19-20(2)(c) provides that he would receive credit against his fine for any such public service work "at the rate of the highest current federal minimum wage".
Another alternative available to the trial judge at this time is the establishment of a realistic installment plan for the payment of the fine. Miss. Code Ann. § 99-19-20(1)(b) (Supp. 1983). Accepting the fact *1300 that Cassibry is financially unable to pay the $45,000.00 at this time, the trial judge would be well within the scope of the discretionary authority vested in him by statute if he required that Cassibry pay what he reasonably could at reasonable, periodic intervals. Nothing in Harrigill v. State or Denton v. Maples provides to the contrary.
Accordingly, the Order of the Circuit Court of Harrison County entered August 20, 1982, is vacated, and the case is remanded for further proceedings consistent with this opinion. The Circuit Court on remand has the discretionary authority to order public service work or that the fine be paid in installments, or both, as may appear just and proper. Cassibry may in no event be incarcerated for financial inability to meet any such payment schedule.
REVERSED AND REMANDED.
ROY NOBLE LEE, P.J., and BOWLING, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, J., not participating.
NOTES
[1] However correct our initial reading of Tate in McKinney v. State, 260 So.2d 444 (Miss. 1972) may have been, intervening events such as the decision in Bearden v. Georgia and particularly the legislature's enactment of § 99-19-20 make it clear that McKinney should be read with great caution.