# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00686-SCT

*LEROY TAYLOR McCRAY*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/16/95 |
| TRIAL JUDGE: | HON. ROBERT GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 8/14/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Leroy Taylor McCray was found guilty of murder on January 17, 1973, and sentenced to life in prison. This Court reversed and remanded for a new trial in ***McCray v. State***, 293 So. 2d 807 (Miss. 1974). On remand, McCray was retried, found guilty, and once again sentenced to life in prison. His conviction and sentence were affirmed by this Court in ***McCray v. State***, 320 So. 2d 806 (Miss. 1975).

McCray was paroled on August 12, 1982. On February 6, 1990, he was issued a travel permit to South Carolina to obtain work. He was to return to Mississippi no later than March 9, 1990. McCray failed to report on the specified date. On March 30, 1990, McCray was arrested in Charleston, South

Carolina for driving with a suspended license, possession of crack cocaine, possession of a sawed off shotgun and an open container of alcohol.

A warrant for the arrest of McCray was issued on April 5, 1990. McCray waived his right to a preliminary parole revocation hearing on June 26, 1990. His parole was revoked on July 18, 1990. McCray filed his Motion for Post-Conviction Relief in the Circuit Court of Greene County on July 6, 1993. That Motion was transferred to Hinds County on October 29, 1993. McCray's Motion for Post-Conviction Relief was denied on May 16, 1995, by the Honorable Robert L. Gibbs. Aggrieved by the lower court disposition of his Motion, McCray appeals to this Court raising the following issues:

**I. WHETHER THE MISSISSIPPI PAROLE BOARD ERRED BY CONSIDERING UNCOUNSELED [SIC] MISDEMEANOR CONVICTIONS TO REVOKE PETITIONER'S PAROLE.**

**II. WHETHER THE MISSISSIPPI PAROLE BOARD DENIED PETITIONER DUE PROCESS OF LAW IN PAROLE RETAKING PROCEEDINGS INCONSISTENT WITH ESTABLISHED PROCEDURE AFTER ISSUANCE OF WARRANT FOR ARREST.**

**III. WHETHER THE MISSISSIPPI PAROLE BOARD ABUSED ITS DISCRETION BY FAILING TO DISMISS OR QUASH PAROLE VIOLATOR WARRANT AFTER PETITIONER WAS ACQUITTED OF ALL FELONY CHARGES.**

**IV. WHETHER THE LOWER COURT ERRED BY DENYING PETITIONER'S REQUEST FOR RECUSAL OF THE LOWER COURT JUDGE.**

## STATEMENT OF THE FACTS

McCray was placed on parole on August 12, 1982, after being sentenced to serve a life sentence for the crime of murder. On February 6, 1990, he was issued a travel permit to travel to South Carolina for the express purpose to seek employment. The travel permit explicitly stated that McCray was to return to Mississippi on March 9, 1990, or to call for an extension of his permit if necessary. McCray failed to comply with these requirements.

On March 30, 1990, he was arrested and charged with driving with a suspended license, possession of an open container of alcohol in a motor vehicle, possession of crack cocaine, and possession of a sawed off shotgun. McCray was found guilty of driving with a suspended license and possession of an open container of alcohol in a motor vehicle. The federal charges against McCray for possession of a shotgun with a sawed-off barrel and possession of a firearm by a convicted felon were dismissed. The reason the charges were dismissed were because McCray's parole was revoked, and any sentence he received for the previously mentioned charges would be served concurrently with his state parole revocation.

On April 5, 1990, a Warrant for Arrest of Paroled Prisoner was issued by Diane Davis, McCray's field officer with the Mississippi Department of Corrections. In this warrant Davis specified that McCray had violated the conditions of his parole by failing to report on March 9, 1990, or get an

extension. Also the warrant listed that McCray had been found guilty of driving with a suspended license and possession of an open container of alcohol in a motor vehicle, both misdemeanors.

On June 26, 1990, McCray executed a Waiver of Right to Preliminary Parole Revocation Hearing. In this document McCray requested that he be returned to the Mississippi State Penitentiary for parole revocation hearing before the Mississippi Parole Board. On June 29, 1990, a Warrant for Retaking Paroled Prisoner was issued to have McCray returned to Mississippi for a parole hearing before the Mississippi Parole Board. On July 18, 1990, after a hearing before the Board, McCray's parole was revoked on the grounds that he had violated the terms and conditions of his parole.

Believing his parole was erroneously revoked, McCray filed his Motion for Post-Conviction Relief in Greene County. That Motion was transferred to Hinds County on October 29, 1993, and denied on May 16, 1995. Aggrieved from the lower court disposition of his Motion, McCray brings his appeal to this Court.

## DISCUSSION OF THE ISSUES

### I. WHETHER THE MISSISSIPPI PAROLE BOARD ERRED BY CONSIDERING UNCOUNSELED [SIC] MISDEMEANOR CONVICTIONS TO REVOKE PETITIONER'S PAROLE.

McCray for the first time on appeal raises the issue of whether the lower court erred by considering his "uncounseled" misdemeanor convictions in South Carolina as grounds to revoke his parole. This issue was not raised in McCray's Motion for Post-Conviction Relief presented to the lower court. This Court has repeatedly held that an assignment of error may not be raised for the first time on appeal. *Berdin v. State*, 648 So. 2d 73, 80 (Miss. 1994); *Collins v. State*, 594 So. 2d 29, 35 (Miss.1992).

However, in order to dispel any speculation as to the merits of the argument, the Court will discuss it. McCray complains that his parole was revoked based on his misdemeanor convictions in South Carolina where he appeared without counsel. He states that he should not have been subjected to imprisonment for a misdemeanor conviction unless he was represented by counsel at his trial. *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). McCray argues that the Board erroneously revoked his parole based on the "uncounseled" misdemeanors.

McCray's argument misinterprets his due process rights as applied to the revocation of his parole. The Supreme Court has stated "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). McCray was not imprisoned because of his "uncounseled" misdemeanor convictions. He was incarcerated because he violated the conditions of his parole. Therefore, the due process safeguards he was entitled to were only those associated with the parole revocation hearings.

McCray's argument is procedurally barred and without merit.

### II. WHETHER THE MISSISSIPPI PAROLE BOARD DENIED PETITIONER DUE PROCESS OF LAW IN PAROLE RETAKING PROCEEDINGS INCONSISTENT

**WITH ESTABLISHED PROCEDURE AFTER ISSUANCE OF WARRANT FOR ARREST.**

McCray contends the Parole Board denied him "due process of law in parole retake proceedings consistant [sic] with established procedure after issuance of warrant for arrest." According to *Morrissey*, "the revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." *Morrisey*, 408 U.S. at 488. McCray claims the Mississippi Parole Board failed to conduct a timely full revocation hearing after execution of Warrant of Arrest of Paroled Prisoner dated April 5, 1990. McCray argues that 18 U.S.C.A. § 4214 (c) requires that a parole violator receive a final revocation hearing within ninety days of the date of retaking. *Smith v. United States*, 577 F.2d 1025, 1026 (5th Cir. 1978); *Villarreal v. United States Parole Comm'n*, 985 F.2d 835, 837 (5th Cir. 1993). McCray claims the ninety day clock began running on April 5, 1990, and the final revocation hearing was conducted outside the ninety day window on July 18, 1990. We hold McCray's second argument to be without merit.

McCray misreads 18 U.S.C.A. § 4214 (c) to apply to state prisoners, as well as federal prisoners. 18 U.S.C.A. § 4201(4) defines eligible prisoner as any federal prisoner. McCray was not a federal prisoner. At the time of his parole revocation he was merely a state prisoner on parole under the control and supervision of the Mississippi Department of Corrections.

McCray claims he was prejudiced because the Board extradited him back to Mississippi approximately seven hundred miles from the place of his arrest or alleged violation. This prevented him from calling witnesses that could favorably testify as to these allegations. McCray correctly asserts that "due process would seem to require that some minimal inquiry" in the form of a preliminary hearing "be conducted at or reasonably near the place of the alleged parole violation. . .as promptly as convenient after the arrest while information is fresh and sources are available." *Morrissey*, 408 U.S. at 485.

However, McCray's interpretations of the due process requirements in order to claim he was prejudiced are without merit. In a document entitled Waiver of Right to Preliminary Parole Revocation Hearing, McCray waived his right to a preliminary hearing. McCray's signature appears below the following language:

> After having these charges fully explained to me, and without waiving any other rights I may have, Do Hereby Voluntarily Waive and relinquish my right to a Preliminary Parole Revocation Hearing, and further request that I be returned to the Mississippi State Penitentiary for a Parole Revocation Hearing before the Mississippi Parole Board.

The Court holds that the Mississippi Parole Board did not deny McCray his due process rights. McCray's due process rights did not attach until after he was taken into custody pursuant to the Warrant for Arrest of Paroled Prisoner. Therefore, this argument is without merit.

### III. WHETHER THE MISSISSIPPI PAROLE BOARD ABUSED ITS DISCRETION BY FAILING TO DISMISS OR QUASH PAROLE VIOLATOR WARRANT AFTER PETITIONER WAS ACQUITTED OF ALL FELONY CHARGES.

The Federal Grand Jury for the District Court of South Carolina returned an indictment against

McCray for possession of a shotgun with a sawed-off barrel and possession of a firearm by a convicted felon in violation of Title 26, U.S.C. §§ 5861(i) and 5871 and Title 18, U.S.C. §§ 922 (g) and 924 (a). McCray claims that because he was acquitted of all felony charges his parole was wrongly revoked. He cites the decision of *Moore v. Ruth*, 556 So. 2d 1059, 1062 (Miss. 1990), where this Court stated the following:

> The acquittal on the criminal charge means at the very least that, before the accused's parole may be revoked, the State must offer actual proof that he committed an act violating the terms and conditions of his parole, and the mere fact that he was arrested and charged with [a crime] may hardly suffice.

This Court has stated that before parole can be revoked there must be a showing that the parolee has violated the terms and conditions of his parole. *Alexander v. State*, 667 So. 2d 1, 4 (Miss. 1995).

McCray fails to understand the true nature of the disposition of the federal felony charges against him. He was not acquitted of these charges. Rather the U.S. Attorney filed a Motion to Dismiss Indictment against McCray. The reason stated in the Motion was that McCray was on parole at the time he committed the offense, and the sentence he would receive for the offense would be served concurrently with his state parole violation. Although the record is void of a ruling on this Motion, it is apparent that the U.S. Attorney did not want to prosecute McCray for the offenses he was charged with in the indictment. This failure to prosecute does not equal an acquittal.

The State responds that this argument is procedurally barred because it was not presented to the lower court and should not be presented for the first time on appeal. *Berdin*, 648 So. 2d at 80. Notwithstanding the procedural bar, this argument of whether McCray was acquitted of the felony charges is irrelevant and moot as it relates to his parole revocation. Although the possession of cocaine and the shotgun were listed as reasons for the revocation, there were other reasons as well. McCray had failed to timely report to his parole officer, he was convicted of driving with a suspended license, and was in possession of alcohol. The record contains documentation that McCray was in fact convicted of the above offenses. In *Moore*, this Court stated "[o]n revocation, the State's authority is much narrower, for before one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of his parole." *Moore*, 556 So. 2d at 1061; *Alexander*, 667 So. 2d at 4. The State provided the lower court with sufficient evidence of McCray's parole violations.

This argument is procedurally barred because it was not raised at the lower court level. It should not be presented for the first time on appeal before this Court. Alternatively, the argument is without merit as there was a sufficient showing by the State that McCray violated the conditions of his parole, the felony charges notwithstanding.

### IV. WHETHER THE LOWER COURT ERRED BY DENYING PETITIONER'S REQUEST FOR RECUSAL OF THE LOWER COURT JUDGE.

McCray filed a Motion to Recuse Circuit Judge Robert L. Gibbs, on November 21, 1994. The Motion contained allegations of bias and prejudice on the part of Judge Gibbs based on his failure to dispose of McCray's Motion for Post-Conviction Relief within six months. McCray alleged Judge Gibbs engaged in an activity that was prohibited by the Code of Judicial Conduct when he wrote an

"extrajudicial" letter to the Mississippi Parole Board requesting addition information in order to make a decision regarding McCray's original Motion. McCray also stated that Judge Gibbs was biased or at least appeared biased because of his past representations of the Mississippi Department of Corrections when he worked as an Assistant Attorney General.

McCray relies on Miss. Code Ann. § 9-1-11, which provides:

> The judge of a court shall not preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity , or where he may be interested in the same, or wherein he may have been of counsel, except by the consent of the judge and of the parties.

He also cites to the Code of Judicial Conduct Canon 3(A)(4) and (5), which states:

> The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:

> * * *

> (4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and , except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.

> (5) A judge should dispose promptly of the business of the court.

Judge Gibbs entered his Opinion and Order denying McCray's Motion for Post-Conviction Relief on May 16, 1995. In that document he set forth the reasons as to why no impropriety existed. He stated that he did represent the Mississippi Department of Corrections as an Assistant Attorney General for the State of Mississippi, but had not done so since 1989, some six years earlier. He also stated that he had handled numerous cases involving the Mississippi Department of Corrections and found that the intervening years had sufficiently eliminated any such appearance of impropriety.

The State responds that there was no showing that Judge Gibbs had any personal interest in, or connection to the parties of, this particular case. While it is true that Judge Gibbs once represented the Mississippi Department of Corrections, he did not represent that entity in this particular case.

The question that must be asked is whether a reasonable person, knowing all the circumstances, harbor doubts about the judge's impartiality. ***Bredemeier v. Jackson***, 689 So. 2d 770, 774 (Miss. 1997). "This Court presumes that a judge, sworn to administer impartial justice, is qualified and unbiased. To overcome the presumption, the evidence must produce a 'reasonable doubt' about the validity of the presumption." ***Id.***; ***Turner v. State***, 573 So. 2d 675, 678 (Miss. 1990).

McCray has failed to overcome the presumption that Judge Gibbs was unbiased. The record does not contain the alleged letter to the Mississippi Department of Corrections. Thus, the presumption of

impartiality must stand in light of the intervening years that Judge Gibbs has served on the bench since his representation of the Mississippi Department of Correction. This argument is without merit.

## CONCLUSION

Because none of McCray's arguments on appeal have any merit, the lower court's decision to dismiss his Motion for Post-Conviction Relief is affirmed. There was no error on the part of the Mississippi Parole Board when it considered McCray's misdemeanors as violations of the conditions of his parole. There was no due process violation by the Board in conducting the revocation hearing. Although we hold the hearing was timely, McCray has failed to show unto this Court how he was prejudiced if the hearing was not timely. The Board had sufficient evidence to revoke McCray's parole without considering the federal felony charges against him. Also, McCray was not acquitted of these charges as he contends. He simply was not prosecuted. Lastly, the trial judge correctly denied McCray's Motion to Recuse. McCray failed to overcome the presumption of impartiality afforded by this Court to every judge in this state. Therefore, the lower court's decision to dismiss McCray's Motion for Post-Conviction Relief is affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**