643 So.2d 533 (1994)
Alfonso ARTIS
v.
STATE of Mississippi.
No. 92-KP-1046.
Supreme Court of Mississippi.
September 29, 1994.
*534 Alfonso Artis, pro se.
Michael C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PRATHER, P.J., and SULLIVAN and JAMES L. ROBERTS, Jr., JJ.
SULLIVAN, Justice, for the Court:
On September 28, 1981, Alfonso Artis pled guilty to the crimes of armed robbery and manslaughter. He was sentenced to twenty five (25) years in the custody of the Mississippi Department of Corrections with twenty (20) years suspended and five (5) years to serve for the armed robbery conviction (No. T-354) and twenty (20) years in the custody of the Mississippi Department of Corrections with fifteen (15) years suspended and five (5) years to serve for the manslaughter conviction (No. S-991), sentences to run concurrently. The trial court did not subject any of the suspended portion of the sentences to a period of probation; in fact, the court expressly ruled that there would be no probation.
On July 19, 1988, Artis was found guilty in the Coahoma County Circuit Court of attempting to obtain a controlled substance by misrepresentation. Based on that conviction, a warrant was issued for Artis' arrest and, on October 24, 1988, a motion was filed to revoke his suspended sentence for the armed robbery conviction.
On March 28, 1989, Artis filed a Motion To Dismiss Revocation Proceedings, claiming that it would violate his right to due process to revoke his suspended sentence for the violation of terms and conditions which were never established at his sentencing hearing or by court order. That motion was denied on May 26, 1989. On July 5, 1989, the court denied Artis' Motion for Certification for Interlocutory Appeal. This Court dismissed Artis' Motion For Interlocutory Appeal on December 6, 1989.
The revocation proceedings were held in open court on September 8, 1989. The Order *535 of Revocation of Suspended Sentence states that the court considered "the Petition, testimony, arguments, documents and exhibits against and in support of the revocation of said Respondent's (Artis') suspended sentence." The court then revoked the suspended sentence for three years to run consecutive to his sentence for the conviction of attempting to obtain a controlled substance by deception.
On October 18, 1991, Artis filed a Petition to Vacate and Void Revocation of Probation and Sentence, seeking post-conviction relief, arguing that the court's revocation of his suspended sentence was improper and unconstitutional because there was no probationary period established or terms and conditions imposed on the suspended sentences. The trial court denied Artis' post conviction motion on January 2, 1992. Artis filed an out of time appeal to this Court from the denial of that motion. The out of time appeal was granted by the trial judge and it presents the following issues:
1. Did the trial court err in denying Artis' petition for post conviction relief? and
2. Did the trial court err in revoking Artis' suspended sentence when there were never any terms and conditions established at his sentencing hearing?
In support of his first contention Artis cites Ross v. State, 268 Ark. 189, 594 S.W.2d 852 (1980), and Jackson v. Waller, 248 Miss. 166, 156 So.2d 594 (1963).
The state responds that the due process claim fails because Artis cannot overcome the presumption of correctness that attaches to the trial court's denial of his Motion to Dismiss Revocation Proceedings when Artis did not include the transcript of that hearing in the record. Clark v. State, 503 So.2d 277 (Miss. 1987); Mason v. State, 440 So.2d 318 (Miss. 1983); and Bolton v. State, 166 Miss. 290, 146 So. 453, 454 (1933).
The record here, however, is not silent on this issue. Although the hearing at which the trial judge denied the Motion to Dismiss Revocation Proceedings is not contained in this record, the guilty plea colloquy, the sentencing, and sentencing order, which formed the basis of this appeal, are contained in the record. At the guilty plea hearing the court heard Artis' version of the incident, and after being convinced there was a sufficient factual basis for his guilty pleas, stated:
BY THE COURT: And I'll accept the recommendation and in Cause No. T-354, I sentence you to a term of twenty-five years in the custody of the Mississippi Department of Corrections, twenty years suspended on five years supervised probation. Was there any discussion of probation?
BY MR. FRAISER: No, Your Honor.
BY THE COURT: Okay. Strike that probation then. Twenty-five years in the custody of the Mississippi Department of Corrections with fifteen (sic) years suspended and five years to serve and in Cause No. S-991, I sentence you to a term of twenty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended and five years to serve and each sentence to run concurrent with the other.
(CONCLUSION OF TAKING OF GUILTY PLEA.) (Emphasis added).
It is clear that the trial judge expressly removed his initial imposition of probation. Further, the court did not make the suspended sentences contingent on certain terms and conditions. The sentencing order for Cause No. T-354 states nothing about probation or terms and conditions of the suspended portion of the sentences. The state, however, argues:
Since the trial court held a hearing on this issue being raised on appeal, the issue of whether the committing of a felony was a material violation of the conditions of Artis's suspended sentence would have to have been addressed. With nothing in the record as to the factual basis for the Court's Order denying him relief, Artis can not overcome the presumption of correctness which attaches to a trial court's Order.
We are uncertain what facts could have been relied on by the trial judge at the hearing other than the guilty plea, sentencing, written sentencing order, and subsequent felony conviction. The state implies that there *536 must have been other facts brought out at the hearing supporting the trial judge's denial of the Motion to Dismiss Revocation Proceedings. However, as the State has already pointed out, we may only act on the record presented to us. Branch v. State, 347 So.2d 957, 958 (Miss. 1977), and Shelton v. Kindred, 279 So.2d 642, 644 (Miss. 1973). It appears that it is the state and not Artis that lacks factual support in the record for its position.
As it is our view that Artis did include sufficient facts in the record to withstand the State's first argument, there remains the question of whether or not it was reversible error for the trial judge to revoke a suspended sentence for the violation of certain terms and conditions when no such terms and conditions were ever established at the sentencing hearing or in the written sentencing order.
Constitutional due process guarantees apply to the probation-revocation procedure delineated in Miss. Code Ann. § 47-7-37 (1972). Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). While the Morrissey Court dealt with the revocation of parole, the Court later determined that the due process guidelines established in Morrissey apply equally to revocation of probation proceedings. Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759-60, 36 L.Ed.2d 656 (1973). It should be noted that while this is not a revocation of probation case because the court did not impose probation, it stands to reason that the same due process analysis applies to revocation of suspended sentence proceedings. See Ross v. State, 594 S.W.2d at 853.
Miss. Code Ann. § 47-7-33 (1972) states that circuit courts have the power, after conviction or guilty plea "to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided. In placing any defendant on probation, the court, or judge, shall direct that the defendant be under the supervision of the department of corrections." (Emphasis added). As previously noted, however, the court in this case expressly withdrew the imposition of probation, leaving only the partial suspension of the execution of the sentences and the five years to serve. Miss. Code Ann. § 47-7-35 (1972) states:
The courts referred to in § 47-7-33 shall determine the terms and conditions of probation and may, at any time during the period of probation, alter or modify the conditions and may include among them the following or any other:
That the probationer shall
(a) Commit no offense against the laws of this or any other state of the United States, or of the United States... .
Miss. Code Ann. § 47-7-37 (1972) states:
The period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation. Such period with any extension thereof shall not exceed five (5) years... .
At any time during the period of probation the court, or judge in vacation may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested. Thereupon ... the court, in term time or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.
If the probationer is arrested in a circuit court district in the State of Mississippi other than that in which he was convicted, the probation and parole officer, upon the written request of the sentencing judge, shall furnish to the circuit court or the county court of the county in which the arrest is made, or to the judge of such court, a report concerning the probationer, and such court or the judge in vacation shall have authority, after a hearing, to continue or revoke all or any part of probation or all or any part of the suspension of sentence, and may in case of revocation proceed to deal with the case as if there had been no probation. No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve. (Emphasis added).
*537 We find pursuant to the foregoing Code sections that the normal course of procedure, when the court exercises its authority to suspend the execution of a portion of a defendant's sentence, is as follows: (1) impose a sentence; (2) determine what portion is to be suspended; (3) impose a period of probation (up to five years); and, (4) specify the terms and conditions upon which the probation/suspended sentence is contingent. Then, any time during the period of probation (i.e., within five years from the end of the time served portion of the sentence), if upon hearing it is determined that the probationer violated any of the specified conditions of his probation, the court has the authority to revoke any part or all of the probation or any part or all of the suspended sentence, as if the decision to suspend the sentence and place the defendant on probation had never been made.
The problem in this case is that the trial court suspended a portion of Artis' sentences, gave him no probation, made no mention, orally or in writing, of terms and conditions of the suspended sentences, and then later revoked his suspended sentence on the armed robbery cause for the violation of terms and conditions of his suspended sentence. This is not the procedure outlined in the Code.
The state contends:
A reading of the statutes dealing with probation and suspension of sentence would seem to indicate that suspension of sentence can be an alternative to probation rather than something which would necessarily also involve probation. In other words, the legislative intent would seem to be to allow a suspension of sentence without necessarily placing a defendant on probation at the same time, at least in some of these statutes.
Likewise, these statutes dealing with revocation explicitly and unequivocally stated that conviction of a felony is grounds for revocation of probation.
It may be true, as the state suggests, that a court is permitted to suspend a portion of a defendant's sentence without simultaneously placing him on probation subject to certain terms and conditions. However, it does not logically follow that the court could thereafter revoke the suspended sentence. The courts are empowered to revoke any or all of the defendant's probation or any part or all of the suspended sentence if, during the period of probation, it is found that the defendant violated the conditions of his probation/suspended sentence. See Moore v. State, 585 So.2d 738 (Miss. 1991).
Even if it is proper for a trial court to suspend the execution of a defendant's sentence and later revoke the suspended sentence, without express imposition of probation, it is necessary for that court to base its revocation on the violation of the clear terms and conditions of the suspended sentence. Here there are none.
The state concedes that the trial court did not explicitly mention terms and conditions pertaining to a suspended sentence and argues that it was implied that the sentence would be pending good behavior by the defendant and that the chief requirement for good behavior would be to avoid committing additional crimes.
During the guilty plea colloquy, the trial court questioned Artis:
Q. And do you also understand that under present law, any person sentenced to a sentence of less than ten years for armed robbery is not eligible for parole until they've served that sentence?
A. Yes, sir.
Q. And on any sentence in excess of ten years, they're not eligible for parole until they have served the minimum of ten years.
A. Yes, sir.
Q. Also, any person convicted of an armed robbery with a deadly weapon, with a pistol, a firearm, is not eligible for good time or earned time credits. Do you understand that?
A. Yes, sir.
Q. And that  the way those laws would effect this recommended sentence is that on the five years they're recommending that you serve that you would not be eligible for  for parole nor good time credits for five years. Do you understand that?

*538 A. Yes, sir.
Q. That means you'd have to serve the entire five years.
A. Yes, sir.
Q. And if at some subsequent date any portion or all of the twenty years that are suspended is  is revoked and you're required to serve any or all of it, then that same law would apply there. Do you understand that?
A. Yes, sir.
While the trial judge mentioned the fact that Artis' suspended sentence could be revoked, the court did not even allude to what might constitute grounds for revocation. The fact that the Special Assistant Attorney General who represents the State before this Court spoke with District Attorneys and Judges who stated that they "routinely sentence defendants to suspended sentences without stating any terms or conditions, with the understanding that the defendant can not remain on suspended sentence if he commits additional crimes during the time he would otherwise be serving his original sentence," is not persuasive. The due process concern focuses on the understanding the defendant has of his guilty plea and suspended sentence, not what is understood by the lawyers and judges.
Bobkoskie v. State, 495 So.2d 497, 500 (Miss. 1986), which is cited by the State is distinguishable from this case. In Bobkoskie, the defendant's parole was specifically conditioned, among other things, on his agreement to "live and remain at liberty without violating the law." Id. at 498. No such conditions were set forth here.
It is difficult to have sympathy for a defendant who claims that the revocation of his suspended sentence is improper because he did not know that the commission of a felony would be considered a violation of his suspended sentence. Nevertheless, we find that due process requires that the trial judge at least orally inform the defendant of the terms and conditions upon which his suspended sentence is contingent before it may be properly revoked for the violation of those terms and conditions. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We are further of the opinion that the trial court did not follow the procedure as set out in Miss. Code Ann. §§ 47-7-33, 47-7-35, and 47-7-37.
The judgment of the Hinds County Circuit Court denying appellant's motion for post-conviction relief is reversed. The judgment of the Hinds County Circuit Court ordering revocation of appellant's suspended sentence is reversed and original suspended sentence in Cause No. T-354 is reinstated.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.