# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CA-00085-SCT

## CONSOLIDATED WITH

## 90-KA-01252-SCT

*JOSEPH WALTON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/29/95 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN BOOTH FARESE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | LAWRENCE L. LITTLE |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED - 11/06/97 |
| MOTION FOR REHEARING FILED: | 11/21/97 |
| MANDATE ISSUED: | 3/18/98 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

The original opinion in this case is withdrawn and this opinion is substituted therefor.

We are asked to determine whether the circuit court below erred in revoking the suspended sentence of Joseph Walton after he was found guilty of selling a controlled substance. Because Walton had been released unconditionally from the state penitentiary, we find that the circuit court could not revoke Walton's suspended sentence based on violation of terms and conditions. Accordingly, we reverse the circuit court's decision.

**I.**

On August 29, 1983, Joseph Walton pleaded guilty to armed robbery and was sentenced to fifteen years in the state penitentiary at Parchman, with ten years suspended. Walton served just under five years and was released on November 24, 1987. On March 28, 1988, Walton was indicted by a Marshall County Grand Jury for selling a controlled substance. After a two-day trial, Walton was convicted of the crime on November 16, 1989.

On April 25, 1990, the State filed a petition to revoke Walton's suspended sentence, asking that Walton be ordered by the Court to serve the remainder of his suspended sentence under the charge of armed robbery, for which he served nearly five years in Parchman. After a hearing on November 5, 1990, the lower court sustained the State's motion, reinstating Walton's sentence to imprisonment for the "suspended" ten years of sentence imposed when Walton pleaded guilty to armed robbery.

This Court dismissed Cause No. 90-KA-01252, Walton's appeal of the revocation of his suspended sentence, without prejudice on November 30, 1995, finding that no authority existed for an appeal of a revocation order directly to the Court. Pursuant to the revocation of suspended sentence, Walton correctly filed a petition for post-conviction relief in the lower court; he also filed a motion to vacate and set aside judgment. After denial of his petition for post-conviction relief and motion to vacate and set aside judgment by the lower court, Walton moved this Court to incorporate the entire record of 90-KA-01252 into this appeal, No. 96-KA-00085. The Court granted the motion on March, 27, 1996. Walton's sole issue on appeal is whether the circuit court below erred in denying his motion to vacate and set aside judgment revoking his suspended sentence.[1]

## II.

Walton alleges that because his suspended sentence was imposed after the five years allowed by statute, because the suspended sentence lacked the finality of stated conditions upon which it could be revoked, and because it expanded the judge's authority beyond the parameters of the Pardon and Parole Act, his suspended sentence was void *ab initio*. The State responds that the sentence was properly revoked because Walton committed a crime almost immediately upon his release from prison. In the alternative, the State argues that even if Walton's sentence was void *ab initio*, only the invalid portion of his sentence should be removed.

Mississippi recognizes the power of the court to suspend part of a convicted felon's sentence. Circuit courts have the power, after conviction or guilty plea, to suspend the imposition or execution of sentence, and place the defendant on probation; further, in placing any defendant on probation, the court, or judge, shall direct that the defendant be under the supervision of the department of corrections. Miss. Code Ann. § 47-7-33 (1993). The court must determine the terms and conditions of probation, and may, at any time during the probationary period, modify the conditions. Miss. Code Ann. § 47-7-35 (1993). The court must determine the period of probation and, though the period may be extended or terminated by the court at any time, the period, along with any extensions, must not exceed five years. Miss. Code Ann. § 47-7-37 (1993).

Because there is no transcript of Walton's guilty plea colloquy, this Court does not know whether the trial judge, at the time of the plea, alluded to what might constitute grounds for revocation of Walton's suspended sentence. Nonetheless, Walton asserts that he was not on parole or required to report to a probation officer. Moreover, District Attorney Lawrence Little agreed that Walton was not on parole and that he "flat-timed" the five year portion of his sentence for armed robbery. Neither

the judgment of sentence on Walton's guilty plea nor the notification of Walton's release from Parchman indicates that Walton was on parole or require to undergo a probationary period upon release. Therefore, we assume that Walton was released from prison without any definite restrictions on November 24, 1987.

This Court has recently addressed the problem of a trial judge suspending a portion of a defendant's sentence, without giving probation or mentioning terms and conditions of the suspended sentence, and later revoking the suspended sentence. In *Artis v. State*, 643 So. 2d 533 (Miss. 1994), the defendant pleaded guilty to armed robbery and manslaughter in 1981. Artis was sentenced to twenty-five years imprisonment for armed robbery with twenty years suspended and twenty years for manslaughter with fifteen years suspended, leaving Artis bound to serve five years concurrently for each crime. The trial judge did not subject any of the suspended portion of the sentences to a period of probation, expressly ruling that there would be no probation. *Id.* at 534.

After his release from prison, Artis was convicted in 1988 for attempting to obtain a controlled substance by misrepresentation, and the State moved to revoke his suspended sentence for the armed robbery conviction. *Id.* The trial judge revoked Artis's suspended sentence for three years to run consecutive to Artis's sentence for the conviction of attempting to obtain a controlled substance by deception. *Id.* at 535.

Justice Sullivan, writing for a unanimous Court, noted the following:

> The problem in this case is that the trial judge suspended a portion of Artis' sentences, gave him no probation, made no mention, orally or in writing, of terms and conditions of the suspended sentences, and then later revoked his suspended sentence on the armed robbery cause for the violation of terms and conditions of his suspended sentences. This is not the procedure outlined in the Code.

*Id.* at 537. The Court went on to reject the State's suggestion that the trial court could revoke a defendant's sentence that had been suspended without simultaneously placing the defendant on probation subject to certain terms and conditions. *Id.*[2] The Court determined that even if a trial court could properly suspend a defendant's sentence and later revoke the suspended sentence, without express imposition of probation, that court would have to base its revocation on the violation of the clear terms and conditions of the suspended sentence. *Id.* Where the trial judge does not inform the defendant of terms and conditions upon which a suspended sentence is contingent, the suspended sentence may not be revoked later based on violation of terms and conditions. *Id.* at 538. Because the trial judge did not follow the procedure set out in Miss. Code Ann. §§ 47-7-33, 47-7-35, and 47-7-37,[3] the Court reversed the denial of post-conviction relief for Artis and reinstated his original suspended sentence. Nonetheless, since Artis was also sentenced pursuant to the crime of attempting to obtain a controlled substance by deception, he still served time in jail.

Walton and the State both argue that the sentencing court was without authority to suspend any part of Walton's sentences without placing Walton on probation and stating terms of probation. Therefore, the State agrees with Walton's argument that the portion of the original sentencing order purporting to suspend ten years of the sentence was void *ab initio*. However, the State argues that as a result, Walton now should be required to serve the ten years of his sentence that had been "suspended." The State relies on *Fuller v. State*, 100 Miss. 811, 820, 57 So. 806, 808 (1912), where

the Court determined that although the lower court had no power to suspend the execution of a sentence during the good behavior of a defendant, the defendant could still have been called upon to serve the sentence, since the suspended portion of the judgment was void. The State also relies on *Langston v. State*, 245 So. 2d 579, 582 (Miss. 1971), where the Court stated, "Appellant also claims the judgments were void because the court had no authority to suspend sentence. If this be true, still the judgment of conviction is not void. Only the suspension of sentence would be invalid." (citations omitted).

To support a determination that Walton's sentence was void *ab initio*, this Court would have to overrule *Artis*, because such a finding would necessarily mean that Walton's sentence must be treated as if no suspension took place and that a fifteen-year sentence existed, with five years served. We do not accept the State's argument.

The result suggested by the State neither comports with this Court's holding in *Artis* nor with notions of due process. That Walton and the State both contend that his suspended sentence was void *ab initio* does not decrease the impact of *Artis* on this case. When faced with a similar factual scenario, this Court did not find the suspended sentence in *Artis* to be void *ab initio*. Therefore, we need not make such a finding here. If, as the State suggests, the question of the effect of the sentencing court's attempt to suspend a portion of Walton's sentence without imposing probation or conditions of suspension was not directly put before the *Artis* Court, the Court did determine that due process required that in order to later revoke a suspended sentence, the trial court must first inform the defendant of terms and conditions under which it may be revoked. *Artis*, 643 So. 2d at 538. If the trial court does not follow such procedure, then revocation of the suspended sentence must be reversed and the original suspended sentence must be reinstated. *Id.* We read the actual mandate of *Artis* to mean not that the suspended sentence was void *ab initio*, but that the State is bound by the sentence it pronounced. Accordingly, Walton's original suspended sentence must be reinstated.

IV.

Our holding in *Artis v. State* dictates a finding that the trial judge in this case erred in revoking Walton's suspended sentence for armed robbery. Walton was neither placed on probation at the time the suspended sentence was granted nor was he given any terms or conditions which, if violated, would lead to revocation of the suspended sentence. While Walton might benefit from not having his suspended sentence revoked, he will still be required to serve the sentence for the crime of sale of a controlled substance. Therefore, the judgment of the Marshall County Circuit Court denying Walton's motion for post-conviction collateral relief is reversed and the original suspended sentence in Cause Number 7843 reinstated for the crime of armed robbery.

**REVERSED. THE ORIGINAL SUSPENDED SENTENCE IN CAUSE NUMBER 7843 IN THE MARSHALL COUNTY CIRCUIT COURT IS REINSTATED FOR THE CRIME OF ARMED ROBBERY.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, MILLS AND WALLER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**

1. The sole issue presented in 90-KA-1252 is whether the court erred in revoking the suspended sentence of Joseph Walton, which involves the same analysis as the issue in 96-KA-0085.

2. The Court also rejected the State's argument that district attorneys and judges routinely sentenced defendants to suspended sentences without stating any terms or conditions, with the understanding that the defendant cannot remain on suspended sentence if he commits additional crimes during the time the defendant would otherwise be serving the original sentence. *Artis*, 643 So. 2d at 538.

3. The *Artis* Court made the following finding as well:

> We find pursuant to the foregoing Code sections that the normal course of procedure, when the court exercises its authority to suspend the execution of a portion of a defendant's sentence, is as follows: (1) impose a sentence; (2) determine what portion is to be suspended; (3) impose a period of probation (up to five years); and, (4) specify the terms and conditions upon which the probation/suspended sentence is contingent. Then, any time during the period of probation, if upon hearing it is determined that the probationer violated any of the specified conditions of his probation, the court has the authority to revoke any part or all of the probation or any part or all of the suspended sentence, as if the decision to suspend the sentence and place the defendant on probation had never been made.

*Artis*, 643 So. 2d at 537.