# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CP-01374-SCT

*THOMAS DAVIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/21/1997 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | EDWARD J. PETERS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REMANDED - 12/07/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/28/2000; recalled 1/18/2001 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Thomas Davis appeals, pro se, to this Court from the dismissal of his motion for post-conviction relief by the Hinds County Circuit Court. This Court finds that we cannot resolve the issue brought by Davis based on the inadequate record. Therefore, this case is remanded for the purpose of augmenting and clarifying the record, particularly that of the petition to revoke Davis's suspended sentence, any transcript from the revocation proceedings, and any record of an indictment or conviction for the crime of grand larceny.

## STATEMENT OF FACTS

¶2. On October 9, 1989, Thomas Davis pled guilty to the crime of armed robbery before the Circuit Court of Hinds County, Mississippi. Davis was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections, with twenty-two years suspended and three years to serve. The term of probation was set at five years under the terms and conditions of Miss. Code Ann. § 47-7-35.

¶3. According to the motion to vacate judgment of conviction and sentence filed by Davis, Davis was indicted for the new crime of grand larceny in January 1994. Davis states that he has never been brought to trial on the charge, and there is no record of an indictment or conviction in the record before this Court. On January 31, 1995, Davis's field officer filed a petition requesting that Davis's probation be terminated as

Davis had conformed with the conditions of his probation. The circuit court granted the petition and on February 2, 1995, entered its order terminating Davis's probation.

¶4. On December 2, 1996, Circuit Judge L. Breland Hilburn revoked Davis's suspended sentence, finding that Davis materially violated the terms of his suspended sentence by committing the new crime of grand larceny. Davis was sentenced to serve the remainder of his suspended sentence, fifteen years. On March 3, 1999, Davis filed a motion for post-conviction relief in the circuit court in which he argued that the revocation of his suspended sentence was unlawful because the court had previously terminated his probation. On October 21, 1997, Judge Hilburn denied Davis's motion for post-conviction relief.

¶5. Davis filed a notice of appeal on November 19, 1997. Davis raises the following issue:

**THE CIRCUIT COURT ERRED IN REVOKING DAVIS'S SUSPENDED SENTENCE WHEN HIS PROBATION HAD PREVIOUSLY BEEN TERMINATED BY THE COURT.**

## DISCUSSION OF LAW

¶6. From the face of the record, it is apparent that prior to the end of Davis's five-year probationary period, his field officer filed a petition for the termination of Davis's probation. The grounds for termination asserted in the petition were that Davis had complied with the conditions of his probation and had conducted himself in a law abiding manner. The circuit court entered an order terminating Davis's probation on February 2, 1995. Nevertheless, on December 2, 1996, the circuit court entered an order revoking Davis's suspended sentence on the grounds that Davis had violated the terms of his suspended sentence by committing the new crime of grand larceny.

¶7. Miss. Code Ann. § 47-7-33 (1993) provided that any circuit court or county court, having original jurisdiction over criminal actions, has the power to suspend the imposition or execution of a sentence and place a defendant on probation. Miss. Code Ann. § 47-7-35 (1993) provided that the courts referred to in § 47-7-33 "shall determine the terms and conditions of probation and may . . . include among them the following or any other: The probationer shall: (a) Commit no offense against the laws of this or any other state of the United States, or of the United States ..." Such was a condition of Davis's probation. Though there is no record of an arrest, indictment or conviction for the new crime of grand larceny allegedly committed by Davis, the State and Davis apparently agree that the alleged crime was committed in either January or February 1994, prior to the date on which Davis's probation was terminated. Therefore, at the time Davis's probation was terminated, the grounds existed on which to revoke his suspended sentence. It is inexplicable from the record, then, why the court ordered that his probation be terminated.

¶8. Also inexplicable is the court's later revocation of Davis's suspended sentence in the face of the prior order of the same court terminating his probation. Miss. Code Ann. § 47-7-37 states:

The period of probation shall be fixed by the court, and may at any time be extended or terminated by the court, or judge in vacation. Such period with any extension thereof shall not exceed five (5) years. . . .

At any time **during the period of probation** the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested....

The probation and parole officer after making an arrest shall present to the detaining authorities a similar statement of the circumstances of the violation. The probation and parole officer shall at once notify the court of the arrest and detention of the probationer and shall submit a report in writing showing in what manner the probationer has violated the conditions of probation. Thereupon, or upon an arrest by warrant as herein provided, the court, in term time or vacation, shall cause the probationer to be brought before it and may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.

¶9. In *Artis v. State*, 643 So. 2d 533 (Miss. 1994), this Court considered the above provisions and stated as follows:

We find pursuant to the foregoing Code sections that the normal course of procedure, when the court exercises its authority to suspend the execution of a portion of a defendant's sentence, is as follows: (1) impose a sentence; (2) determine what portion is to be suspended; (3) impose a period of probation (up to five years); and, (4) specify the terms and conditions upon which the probation/suspended sentence is contingent. Then, **any time during the period of probation** . . ., if upon hearing it is determined that the probationer violated any of the specified conditions of his probation, the court has the authority to revoke any part or all of the probation or any part or all of the suspended sentence, as if the decision to suspend the sentence and place the defendant on probation had never been made. . . . The courts are empowered to revoke any part or all of the suspended sentence if, **during the period of probation**, it is found that the defendant violated the conditions of his probation/suspended sentence.

*Id.* at 537 (citing *Moore v. State*, 585 So. 2d 738 (Miss. 1991)) (emphasis added).

¶10. In *Ellis v. State*, 748 So. 2d 130, 134 (Miss. 1999), this Court held that the circuit court lacked jurisdiction to reinstate Ellis's original sentence where the five-year probation period expired before proper action was taken to revoke Ellis's probation. This Court noted that where the period of probation has already expired, it cannot thereafter be revoked. Additionally, this Court finds no authority indicating that there would be a distinction between a probationary status terminated prior to the expiration of the term originally set by a sentencing court and the expiration of the probationary term by the passage of time.

¶11. From the record before this Court, it appears that the circuit court may have improperly revoked Davis's suspended sentence. However, it would be imprudent to make such a determination in the face of such an incomplete record of what occurred below. The record before this Court contains no indictment or conviction of a new crime of grand larceny. The record does not indicate the date the crime allegedly occurred or whether Davis was ever tried for the crime or whether he entered a plea. Alarmingly, the record contains no petition for revocation of Davis's suspended sentence. Neither does it contain a transcript of the revocation proceedings, even though the circuit court's order certainly implies that a hearing was held regarding the revocation.

¶12. The record indicates that Davis has put forth great effort in supplying this Court with a complete record. In fact, efforts on the part of this Court to obtain the above information from the office of the Hinds County Circuit Clerk have proved unsuccessful. Therefore, this Court remands this case to the circuit court with instructions that the court, within sixty (60) days, augment the record with the above information and clarify its basis for revoking Davis's suspended sentence in light of the existence of the prior order

terminating Davis's probation.

¶13. **REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**MILLS, WALLER, COBB AND DIAZ, JJ., CONCUR. BANKS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., PITTMAN, P.J. AND McRAE, J.**

**BANKS, PRESIDING JUSTICE, DISSENTING:**

¶14. In my view, Thomas Davis should be ordered discharged. I agree that the record before us does not support a revocation of his probation because his probation had already been terminated and because the record reflects no petition for revocation prior to termination.

¶15. The majority remands for further supplementation to the record. By order of this Court dated June 7, 2000, the Clerk of the Hinds County Circuit Court was directed to supplement the record before this Court with "all filings pertaining to Davis' probation revocation and his motion for post-conviction relief found in the lower court file number F- 296 or any other cause numbers in which those documents may have been filed." Specific reference was made to any motion or petition for revocation of probation. The supplementation filed on June 30, 2000, did not include such a motion. What it did include was Davis's motion for summary judgment and attached orders demonstrating that his probation was terminated in February 1995, almost two years prior to the order of revocation.

¶16. Given this supplemented record before us now, I see no basis for further remand. The judgment of the trial court denying post-conviction relief should be reversed and rendered, and Thomas Davis should be discharged.

**PRATHER, C.J., PITTMAN, P.J., AND McRAE, J., JOIN THIS OPINION.**