IN THE SUPREME COURT OF MISSISSIPPI
NO. 1998-CA-01325-SCT

*CHUCK TUNSTALL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/31/1998 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT P. CHAMBERLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  JOHN R. HENRY, JR. |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | 11/30/99; denied 2/3/2000 |
| MANDATE ISSUED: | 2/10/2000 |

## EN BANC.

## SMITH, JUSTICE, FOR THE COURT:

¶1. Chuck Tunstall appeals to this Court after a denial of post conviction relief by the DeSoto County Circuit Court. The lower court held that Tunstall was on probation for the 1990 crime of felony possession of cocaine with intent when he was arrested later for disorderly conduct, possession of a firearm by a convicted felon, and possession of cocaine. The court revoked the suspended sentence and ordered Tunstall to serve the previously suspended 11 years.

¶2. This very issue previously was presented to this Court for consideration by Tunstall. ***Tunstall v. State***, No.97-CA-000252-SCT (Miss. April 2,1998)(unpublished opinion)(***Tunstall I***). In ***Tunstall I***, in remanding for a hearing, this Court found that we were unable to determine whether or not the lower court placed Tunstall on probation and whether Tunstall was told of the conditions of that probation.

¶3. On remand the lower court again concluded that Tunstall was placed on probation, but that the magic word probation was not used. Thus, this Court is again presented with the question of whether Tunstall was in fact placed on probation for his crimes committed in 1990. In the interim, this Court decided ***Wilson v. State***, 735 So. 2d 290 (Miss. 1999) which now controls the case at bar. After consideration of the argument and the record, we find that Tunstall was placed on probation and told of the conditions of that probation. We therefore affirm the circuit court's denial of Tunstall's post conviction relief request.

## STATEMENT OF THE FACTS

¶4. On November 2, 1990, Olive Branch Police Officers Norris and Lincoln identified Chuck Tunstall while in a convenience store. The officers informed Tunstall that there was a warrant out for his arrest and that he would have to go with them. Before leaving with the officers, Tunstall stopped by his car and dropped a bag of white substance on the floorboard. The officers confiscated the bag which contained 27 rocks of crack cocaine. Tunstall was arrested and charged with felony possession of cocaine with intent to distribute. He pled guilty to the charge and was sentenced to 15 years, with the last 11 years suspended pending "good behavior."

¶5. Later, Tunstall was arrested and charged with disorderly conduct, possession of a firearm by a convicted felon, and possession of cocaine. As a result, the State filed a petition to revoke Tunstall's suspended sentence. See *Tunstall I.* slip op. at 1-2 (cited in this case pursuant to Miss. R. App. P. 35-A(c)). The circuit court revoked the suspended sentence ordering Tunstall to serve the previously suspended 11 years.

¶6. On November 22, 1996, Tunstall filed an unsuccessful motion for post-conviction relief ["PCR"] arguing he was not placed on probation in the manner required by Miss. Code Ann. § 47-7-33. See *Tunstall, I.,* slip op. at 2. The Court reversed and remanded the case in an unpublished opinion. See *Tunstall, I.*. The Court concluded:

> Since it is unclear from the record whether Tunstall was placed on probation, this Court reverses the circuit courts denial of the post-conviction relief motion and remands for such determination. If on remand the circuit court finds that Tunstall was not placed on probation, then it is without authority to revoke his suspended sentence.

*Tunstall, I.,* slip op. at 6.

¶7. During the July 31, 1998, remand hearing, the circuit court found that Tunstall was placed on probation. The circuit court reasoned that since the sentence explained that if another crime was committed, Tunstall should be returned to prison, that the sentence was legal and done correctly. The July 31, 1998, order denied Tunstalls request for relief and dismissed the PCR motion with prejudice. Tunstalls motion for rehearing was denied and on appeal to this Court, Tunstall poses the following issue:

> **WHETHER THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI, ERRED BY DENYING THE RELIEF REQUESTED IN THE POST-CONVICTION RELIEF MOTION. MORE PARTICULARLY, WHETHER THE RECORD REFLECTS THAT THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI, PLACED TUNSTALL ON PROBATION, AND, IF NOT, WHETHER SUCH FAILURE TO SO DO REQUIRED A FINDING IN FAVOR OF TUNSTALL ON HIS POST-CONVICTION RELIEF MOTION.**

## ANALYSIS OF THE LAW

¶8. Because of the lack of sufficient record to support the trial court's decision, this Court previously reversed and remanded Tunstall's case to the trial court for determination of whether or not the lower court placed Tunstall on probation and whether Tunstall was told of the conditions of that probation. *Tunstall, I.,* slip op at 5-6. The *Tunstall I* Court was concerned that if he was not placed on probation, then the lower court would be without authority to revoke his suspended sentence. On remand, the trial court

opined that although the magic word "probation" was not used, nonetheless, Tunstall was in fact placed on probation.

¶9. Tunstall originally pleaded guilty to possession of cocaine with intent to distribute and on July 10, 1991, was sentenced to 15 years with the last 11 years suspended. These new charges occurred on September 25, 1995, and formed the basis for the revocation. Tunstall was arrested and charged for additional crimes on May 31, 1996, approximately four-years and eleven months after his prior plea and sentence on July 10, 1991, prompting the State to file its petition to revoke his suspended sentence. Thus, Tunstall's revocation occurred during the five-year maximum probation time period allowed by statute.

¶10. We cannot distinguish this Court's decision in *Wilson v. State*, 735 So. 2d 290 (Miss. 1999) from the case at bar. *Wilson* was decided in the interim after *Tunstall I*. There we held that if the sentencing proceeding sufficiently conveyed reasonably specific conditions of behavior required, we will find an implied "period of probation" for the maximum of period allowed by law such that a suspended sentence under those conditions is deemed to be accompanied by a period of probation as required by the statute. In *Wilson* the trial court placed Wilson on unsupervised probation which did not require reporting and supervison of the Department of Corrections. Wilson thus argued that he was not placed on probation. However, Wilson was in fact given specific conditions and terms by the trial judge and was told that he was not to violate any of these conditions, as was Tunstall in the case at bar. Accordingly, *Wilson* controls this case. Here, as in *Wilson*, Tunstall was told that he would "be **subject** to the jurisdiction of [the] court for a term of fifteen years, and that, if the prisoner found hiself in trouble anytime in that fifteen years, he could be hauled into court for ". . .a violation of [his] suspended sentence." Tunstall was further advised that upon any violation of his suspended sentence, ". . .if [he committed another crime. . ." --, he could be required to serve in prison the portion of the **sentence suspended**. Tunstall was specifically told to maintain **"good behavior."** The term clearly means to avoid further criminal misconduct. Tunstall's sentence imposed was thus suspended upon the condition that he avoid further criminal misconduct. Tunstall's probation arises from the **judicial act of the trial judge in setting a condition upon his suspended sentence**. Under *Wilson*, that admonition was valid and sufficient for a maximum probationary period of five years. Here, Tunstall transgressed the law within the five year period. The imposition of the suspended portion of his sentence was therefore valid.

¶11. Although the word "probation," per se, does not appear in the record, nonetheless, Tunstall was in fact placed on probation. In *Artis v. State*, 643 So. 2d 533 (Miss. 1994), where the defendant was simply given an unconditioned suspended sentence, this Court held that the advice given the prisoner at the time was insufficient to meet the requirement of notice of the terms or conditions appurtenant to a suspended sentence, because the court failed to apprise the defendant of those terms and conditions. *Id.* at 538. Here, unlike *Artis*, Tunstall was not given an unconditioned suspended sentence, and he was also informed by the trial court of both the existence of a condition as well as the meaning and effect of the condition. Tunstall knew that his commission of future crimes could result in revocation of his suspended sentence.

¶12. Wilson was sentenced to a term of ten years with the last eight years suspended. In imposing Wilson's sentence, the trial judge conditioned the sentence with the specific language "pending your future good behavior. . . Do you understand that?" Wilson replied, "Yes, sir." The trial judge also told Wilson "that whenever your get out from serving these sentences, then you'll still have basically eight years hanging over your head, understand that?" Wilson responded, "Yes, sir." The trial judge also advised Wilson, "If you mess up in eight years from the time you get out of Parchman, if you mess up, **commit another crime**,

don't pay this money within ninety days after you are released from Parchman, then you could **end up having eight years to actually go back and serve, understand that, what is called a revocation or a taking away of your eight years suspended sentence and having to actually serve out the remainder of the sentence,** do you understand that?" (emphasis added). Wilson responded, "Yes, sir." No probationary period was established, and Wilson claimed that he in fact had not been placed on probation. Wilson's probation was unsupervised, and he was not under MDOC control. This Court stated, "Although a probationary period was not described, a probationary period was in fact established based on the terms of Wilson's release. Such implied period is binding up to the five-year limitation of Miss. Code Ann. § 47-7-37."

¶13. Returning to the case at bar, this Court finds that a five-year probationary period was in effect. Tunstall was clearly advised of the terms and conditions of his suspended sentence. In **_Goss v. State_, 721 So. 2d 144 (Miss. 1998),** this Court stated, "However, in its order allowing suspension of a sentence, the court will generally prescribe terms and conditions which the prisoner must follow in order for the suspension period to continue. These conditions serve as the terms of 'probation.' Probation restricts the prisoner's rights rather than those of the State. If a prisoner is under court imposed probation, he or she may be placed in prison if the conditions of probation are not followed." **_Id._** at 4.

¶14. Tunstall now maintains that previously in his case, this Court "made it clear that the magic, talismanic term 'probation' must be used. (citing **_Tunstall,I.,_** slip op. at 2, 4-5). We find that **_Tunstall I_** did not require the use of the word "probation" in order for a person to in fact be placed on probation. Instead, the Court merely noted that the word probation had not been used in the lower court's order. While the Court did note the absence of a reference to probation, this Court did not intend to intimate that such absence was controlling as we clearly held that we were unable to determine whether the lower court had in fact placed Tunstall on probation. The case was remanded for that sole determination.

¶15. Tunstall is also concerned that courts may only revoke **during the period of probation**, and then, only if "the defendant violated the **conditions** of his probation/suspended sentence." (_See_ **_Tunstall_**, **_I.,_** slip op. at 4; citing **_Artis_**, 643 So. 2d at 537 (emphasis in original) citing **_Moore v. State_**, 585 So. 2d 738 (Miss. 1991)). However, in **_Goss_** and **_Wilson_**, this Court has made it very clear that with minor exceptions which do not apply here, the period of probation to be served while out of prison on suspended sentence may not exceed five years. Miss. Code Ann. § 47-7-37 limits probation to five years (except in desertion or failure to support minor children cases), and further provides that "[n]o part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." Thus, the time period of probation for Tunstall was five years as allowed by statute. Tunstall violated the conditions of his probation/suspended sentence by being charged with multiple criminal offenses within the five years. The trial judge was correct in holding that Tunstall was placed on probation and correct in revoking that probation when Tunstall, less than five years after original sentencing violated our criminal statutes again by being charged with three serious felonies.

## CONCLUSION

¶16. We hold that Tunstall was in fact placed on probation at the time of sentencing. Tunstall was advised of terms and conditions of his probation. He was aware that if he violated the law he would be subject to revocation of his probation. This probation was for a maximum statutory period not to exceed five years. **_Wilson_** controls this case. We therefore affirm the judgment of the DeSoto County Circuit Court in denying

Tunstall his request by way of post-conviction relief.

¶17. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J.**

**McRAE, JUSTICE, DISSENTING:**

¶18. At issue on this appeal is that which this Court previously stated begged determination, i.e., does the record include language of putting Tunstall on probation? The Court, on the first hearing of this case, required specific use of the term "probation." The record of the hearing does not include such language. Even the majority admits this requirement but claims that since it was only dicta in an unpublished, non-precedential case that we should overlook it. Pursuant to this Courts previous opinion on this matter, the suspended sentence should not be revoked because the record reflects Tunstall was not placed on probation. Adhering to the law of the case, a reversal of the revocation of Tunstall's suspended sentence is the only proper choice for this Court. Accordingly, I dissent.

¶19. The majority holds that this Court's decision in ***Wilson v. State***, 735 So.2d 290 (Miss. 1999), cannot be distinguished from the case at bar. I disagree. Granted in ***Wilson*** the judges conditional statement of "pending your future good behavior" coupled with defendants acknowledgment of his understanding of that statement was sufficient to recognize probation. ***Wilson,*** 735 So.2d at 291. However, while ***Wilson*** is similar to the instant case, in ***Wilson,*** the word "probation" was actually used by the lower court. Hence, ***Wilson*** is distinguished.

¶20. This Court has already considered the pertinent sections of several statutes, Miss. Code Ann. §§ 47-7-33 (1993), 47-7-35 (Supp. 1999) and 47-7-37 (Supp. 1999), relative to Tunstall's case. See ***Tunstall v. State,*** No. 97-CA-00252-SCT. In the Courts first hearing of this case, the Court recognized that ***Artis v. State,*** 643 So. 2d 533 (Miss. 1994), provided language pertinent to Tunstall's situation. ***Tunstall,*** No. 97-CA-00252-SCT, slip op. at 3. Yet, the Court acknowledged that this case took ***Artis*** one step further in that here a condition upon which the suspended sentence is contingent was given while due process was violated in ***Artis*** because such a consideration was absent. ***Tunstall,*** No. 97-CA-00252-SCT, slip op. at 3.

¶21. In ***Tunstall***, this Court made it clear that the magic term "probation" must be used. See ***Tunstall,*** No. 97-CA-00252-SCT, slip op. at 2, 4-5. The Court stated:

The language of the controlling statutes seems to mandate that when a circuit court judge decides to suspend the execution of part of a sentence he must place the defendant on probation. . . .

. . . .

The State argues that the present appeal can be distinguished from ***Artis v. State*** in that Tunstalls suspended portion of his sentence was conditioned upon his good behavior, unlike the defendant in ***Artis***. Therefore, Tunstall had notice of the condition of his suspended sentence as required by the due process clause. However, that alone does not satisfy the requirements of Miss. Code Ann. §§

47-7-33 and 47-7-3 7. Even if a court has the authority to suspend a sentence without placing the defendant on probation, this Court stated, "it does not logically follow that the court could thereafter revoke the suspended sentence." *Artis* [sic], 643 So. 2d at *537.* The express statutory language states, "[alt any time *during the period of probation. . . .*" Miss. Code Ann. § 47-7-3 7 (Supp. 1997) (emphasis added.).

. . . .

. . .[T]his Court upholds the clear language of the statute and requires the imposition of probation at the time of sentencing in order for a circuit court to have the authority to later revoke the suspension.

. . .There is no mention of probation in the sentencing order and the transcript of the sentencing hearing is not part of the record. Also, there is nothing in the record pertaining to Tunstalls release after serving part of the fifteen year sentence in prison or any parole supervision.

*Tunstall,* No. 97-CA-00252-SCT, slip op. at 2, 4-5. Even the dissent of Justice Smith acknowledged the Courts requirement of the use of the word "probation": "[t]he majority requires the use of the actual word, probation." *See Tunstall,* No. 97-CA-00252-SCT, slip op. at 6 (Smith, J., dissenting). On this appeal from the remand, perusal of the transcript of the sentencing hearing fails to uncover **any explicit discussion of probation**. All one finds is the language "pending good behavior" and placement in the control of MDOC.

¶22. Therefore, the determining factor today is the previous finding by the trial court that there was no mentioning of probation in the original case. *See Tunstall,* No. 97-CA-00252-SCT, slip op. at 2, 4-5. As such, the law of the case must apply. This Court has explained the law of the case doctrine as follows:

The doctrine of the law of the case is similar to that of former adjudication, relates entirely to questions of law, and is confined in its operation to subsequent proceedings in the case. Whatever is once established as the controlling legal rule of decision, between the same parties in the same case, continues to be the law of the case, so long as there is a similarity of facts. This principle expresses the practice of courts generally to refuse to reopen what has previously been decided. It is founded on public policy and the interests of orderly and consistent judicial procedure.

*Fortune v. Lee County Bd. of Supervisors*, 725 So.2d 747, 751 (Miss. 1998)(quoting *Simpson v. State Farm Fire &Cas. Co.*, 564 So.2d 1374, 1376 (Miss.1990).

¶23. Abiding by the law of the case, post-conviction relief should be granted by this Court. Without the aid of the record in the first appeal of Tunstall's case, this Court previously stated that his suspended sentence could not be revoked if the hearing on remand provided that the trial judge did not use the term "probation" in the sentencing. In response, the trial court specifically stated that there was no finding of the use of the word or term probation, nor that Tunstall was put on probation for 5 years or placed under the supervision of the MDOC. The recommendation of the State was to suspend 11 years of a 15 year sentence, fine him $100 and "discuss" with him good behavior. Pursuant to the law of the case and our previous declaration that we would adhere to the trial judge's finding, this Court must accept the recommendation of the State. As a result, Chuck Tunstall's post conviction relief request should be granted, the revocation of his suspended sentence overturned, and his case remanded.

¶24. Accordingly, I dissent.

**SULLIVAN, P.J., JOINS THIS OPINION.**