PAYNE, J.,
for the Court:
PROCEDURAL POSTURE AND ISSUE PRESENTED
¶ 1. This case is before the Court on appeal from the denial of Blakely’s petition for post-conviction relief (PCR) by the Circuit Court of Grenada County. Upon review of the briefs filed by both parties, we find Blakely’s argument holds no merit, and we affirm the circuit court’s denial of the petition.
FACTS
¶ 2. Blakely pled guilty to one count of aggravated assault on August 6, 1996, and he was sentenced to an eight year term of incarceration, which was suspended, and he was placed on three years supervised probation. The trial court entered a judgment to this effect on August 13, 1996, outlining the above sentence as well as the terms of Blakely’s probation. On October 1, 1996, Mississippi Department of Corrections Probation Officer Larry Sledge filed a petition for revocation of Blakely’s probation arising out of an incident where Blakely was shot during an altercation at a *1029 Carroll County lounge on September 2, 1996. After a hearing, the trial court revoked Blakely’s probation and imposed the original sentence of eight years in the custody of the Mississippi Department of Corrections. Blakely filed this PCR petition alleging a violation of his right to due process in that he was never given notice by the trial court of the terms and conditions of his probation. The trial court overruled the petition. Finding that Blakely was given adequate notice of the terms and conditions of probation, we affirm the trial court’s denial of the petition.
ANALYSIS AND DISCUSSION OF LAW
¶ 3. Blakely maintains that he was denied due process because the trial court failed to orally inform him of the conditions of his probation at the time of his sentence, relying on Artis v. State, 643 So.2d 533 (Miss.1994) to support his contention. In Artis, the defendant was given a twenty year sentence for armed robbery, with fifteen years suspended sentence and five years to serve, as well as a twenty year term for manslaughter, with fifteen years suspended and five years to serve, with no probation on either count. Id. at 534. After the defendant had served his five years and was released, his suspended sentence for the prior armed robbery count was revoked for another crime. Id.
¶ 4. The case sub judice is readily distinguishable from Artis. Blakely’s sentence was suspended, but he was granted probation and assigned a probation officer, unlike the petitioner in Artis. At Blakely’s revocation hearing, Blakely’s probation officer, Larry Sledge, testified that he informed Blakely of the terms and conditions of his probation on the day of the plea and sentence. Sledge testified that at a subsequent office visit by Blakely on August 14, 1996, Blakely was informed of the terms and conditions of his probation. Still, on August 16, 1996, Blakely returned to Sledge’s office seeking an interstate travel pass. Sledge testified that he again informed Blakely of the terms and conditions of his probation upon granting the travel pass. Sledge instructed Blakely to return the travel pass upon his return from his trip, and that at that time he would be provided with a written copy of the trial court’s judgment and sentence. Blakely did not return the travel pass, and Sledge did not have any contact with Blakely until after the September 2, 1996 incident. Thus, according to Sledge, Blakely was orally advised of the terms and conditions of his probation on at least three different occasions. Further, Blakely acted on those terms until the September 2, 1996 incident. The petitioner in Artis never had any contact with a probation officer.
¶ 5. Based on the testimony at the revocation hearing and at the PCR hearing, we are satisfied that Blakely was sufficiently notified of the terms and conditions of his probation and responded to them. Unlike the petitioner in Artis, Blakely was not left without guidance beyond his departure from the courtroom the day of his plea and sentence. Blakely had a probation officer who advised him, on the day of his sentence and on other occasions, of the terms and conditions of his probation. Further, had Blakely abided by the directive of Sledge to return the travel pass upon returning from his trip, Blakely would have been given a written copy of the trial court’s judgment containing the conditions of his probation before the September 2, 1996 altercation. The conferences where Sledge advised Blakely of the conditions of his probation coupled with Blakely’s interactions with his probation officer satisfy this Court that Blakely was afforded due process in this case. Accordingly, we affirm the denial of the PCR petition.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED AGAINST GRENADA COUNTY.
*1030 BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, IRVING, KING, LEE, AND SOUTHWICK, JJ„ CONCUR.