# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00276-COA

**CHAZZ NERO**                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/04/2025 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANGELA DENISE GREEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/12/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., LAWRENCE AND EMFINGER, JJ.**

**LAWRENCE, J., FOR THE COURT**:

¶1. Chazz Nero pled guilty to statutory rape in 2013 and was sentenced to twenty years in Mississippi Department of Corrections (MDOC) custody. However, the last fifteen years of that sentence would be suspended if Nero successfully completed five years of supervised probation. After serving five years in custody, Nero was released and placed on supervised probation. Months later, Nero was arrested for multiple felonies. His probation was subsequently revoked, and Nero was returned to MDOC custody. Nero filed his first motion for post-conviction collateral relief (PCR) in 2024. The motion was denied. Aggrieved, Nero appealed. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2. On December 10, 2013, Chazz Nero was convicted of statutory rape in the Circuit Court of Washington County. He was sentenced to twenty years in MDOC custody, with the "execution of the last fifteen years of said sentence to be suspended conditioned upon [his] successful completion of five years **supervised probation** under the direction of" the MDOC. (Emphasis added).

¶3. Accordingly, Nero was released from MDOC custody on approximately August 26, 2018, and placed on supervised probation. He signed a form acknowledging the conditions of "Community Supervision in Mississippi" three days later. On October 21, 2018, Nero was arrested by the Greenville Police Department. Consequently, on December 12, 2018, the circuit court entered an order revoking Nero's "post-release supervision." The order stated that Nero had violated the terms of his probation by failing to obey laws. Specifically, Nero "was arrested by the Greenville Police Department and charged with Aggravated Assault, Attempt[ed] Armed Robbery, and Conspiracy."

¶4. Nero was indicted on August 24, 2020. The indictment alleged Nero had committed the following crimes: aggravated assault, armed robbery, conspiracy, and possession of a firearm as a felon. The case against him was dismissed on May 30, 2023, after his co-defendant—the "necessary and material witness" against him—invoked his right to remain silent.

¶5. On October 1, 2024, Nero filed a motion "to set aside the order revoking probation, terminate probation, and release [Nero] from the custody of the [MDOC]." Among other arguments, Nero contended that the terms of his probation were not clearly set out at his

2

sentencing hearing.[1]

¶6.     The court treated the motion as one for PCR and ordered the State to file a response. The State filed its response on December 10, 2024, first asserting that Nero's motion was unsworn and therefore improper. Continuing, the State argued that the court had imposed a legal sentence and that the revocation of Nero's probation after his arrest was the right result.

¶7.     The court entered an order denying Nero's motion on February 4, 2025. In relevant part, the order found that Nero had been adequately notified of the terms of his probation. On March 6, 2025, Nero appealed.

## STANDARD OF REVIEW

¶8.     "We review a circuit court's dismissal or denial of a PCR motion for abuse of discretion and decline to reverse unless the circuit court's decision is clearly erroneous." *Hamilton v. State*, 367 So. 3d 1039, 1041 (¶5) (Miss. Ct. App. 2023) (quoting *Taylor v. State*, 348 So. 3d 1017, 1019 (¶4) (Miss. Ct. App. 2022)). "We review questions of law de novo." *Id.*

## ANALYSIS

¶9.     On appeal, Nero argues that the terms and conditions of his supervised probation were never set out by the trial court and, thus, were never communicated to him. Nero specifically alleges that the trial court violated Mississippi Code Annotated sections 47-7-33 and 47-7-35 (Rev. 2023) by failing to "determine the terms and conditions of his probation" before

---

[1] While Nero submitted other legal arguments to the trial court, only one was raised in this appeal.

revoking it.

¶10. In support, Nero cites *Artis v. State*, 643 So. 2d 533 (Miss. 1994), a supreme court case with a similar, though not identical, scenario to the instant case. Artis was given a similar sentence: twenty-five years in MDOC custody with twenty years suspended on one count and twenty years in MDOC custody with the last fifteen years suspended on the second count. *Id.* at 534. After serving his required sentence in custody, Artis was released on supervised probation and later arrested and convicted of a crime. *Id.* Notably, in Artis's case, the trial court "made no mention, orally or in writing, of terms and conditions of the suspended sentences[.]" *Id.* at 537. The court held that "due process requires that the trial judge at least orally inform the defendant of the terms and conditions upon which his suspended sentence is contingent before it may be properly revoked for the violation of those terms and conditions." *Id.* at 538.

¶11. However, the supreme court later clarified the *Artis* holding in *McClinton v. State*, 799 So. 2d 123 (Miss. 2001). The court cited its previous decision in *Artis*, stating that the case "does not require a court to orally inform the probationer of the terms and conditions of his probation, when such information has been recorded in written form." *Id.* at 126 (¶6). Here, Nero acknowledged the terms of his probation on a signed document. This Court recently addressed that exact scenario in *Miller v. State*, 412 So. 3d 393, 397 (¶18) & n.5 (Miss. Ct. App. 2024). *Miller* held that because the defendant signed his sentencing order, he was adequately aware of the terms and conditions associated with his probation. *Id.* at (¶¶17-18).

¶12. Here, the trial judge admittedly did not orally read Nero the terms and conditions of

4

his probation. However, those terms and conditions were recorded in writing within the "Conditions of Community Supervision in Mississippi" form signed by Nero upon his release to supervised probation. Specifically, those terms included that Nero shall "[c]ommit no offense against the laws of this or any other state of the United States, or of the United States." Nero was arrested for aggravated assault and attempted armed robbery, both clearly offenses "against the laws of this . . . state[.]"

¶13. Nero cites Mississippi Code Annotated section 47-7-35 for the proposition that the timing of his receipt of the written terms and conditions of probation (after his plea sentence in court) as authority for this Court to reverse the trial court's denial of his PCR. Section 47-7-35 does not address, in any form or fashion, when Nero had to receive notice of the terms and conditions of his probation. However, in *McClinton*, the supreme court approved reliance on receipt of those terms and conditions after the plea hearing and before beginning probation. Here, Nero also received and signed his terms and conditions after court and before serving his probation. The only difference was Nero received the terms after serving his time in prison. There is no significant difference in *McClinton*. There is nothing Nero could have done in prison to abide by and prepare for complying with the terms and conditions of his probation once out of prison. Before serving his probation time, he not only was notified of his terms and conditions, he also signed the document indicating he was notified.

## CONCLUSION

¶14. Therefore, we find that Nero was adequately informed of the terms and conditions of

5

his probation, and thus, the trial court's denial of Nero's PCR motion was not reversible error.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**